of the res in court, the application will be considered and disposed of.

### Case No. 4,515.

ERIE RY. CO. et al. v. HEATH et al.

[9 Blatchf. 226.][1]

Circuit Court, S. D. New York. Dec. 19, 1871.

David Dudley Field and William A. Beach, for petitioner.

William M. Evarts and Charles F. South-mayd, for Heath and Raphael.

BLATCHFORD, District Judge. The substance of the allegations of the petition of Jay Gould, now presented to the court, is, that there were put into the hands of the defendants Heath and Raphael, by the owners thereof, certificates for and representing shares of stock in the Erie Railway Company amounting to over 300,000 shares; that such certificates, when so put into their hands, were each of them accompanied by a power of attorney to transfer the same, signed in blank by the holder on the back of the certificate, with permission to such defendants to stamp their names in such blank power of attorney, thereby conferring upon them power to cause the shares represented by each certificate to be transferred on the books of the corporation to the name of them, thus giving them full power and authority over the stock to the same extent as though they were bona fide owners and holders thereof; that thereupon the defendants caused their names to be stamped in the blank powers of attorney, so executed, authorizing them to cause the stock to be transferred on the transfer books of the company, to the names of them or their nominees; that, for the stock so received, the defendants caused to be delivered to the shareholders, in exchange for each certificate of stock received, a receipt in substance as follows: "No. ——. Received of ——, —— certificates for —— shares in the Erie Railway Company, to be forwarded to America for registration in the names of Messrs. Robert Amadeus Heath and Henry Lewis Raphael;" that all of the stock so received was stamped with the names of the said Heath and Raphael, in the power of attorney so signed in blank, thereby empowering them to cause said stock to be transferred upon the books of the corporation to their own names; that such receipts do not represent, and were not intended to represent, any particular certificates of stock, or class of such certificates, and do not designate any of such certificates to which the holders of such certificates are entitled, but, on the contrary, entitle the holders thereof to demand any portion of the certificates held by the defendants, without any discrimination; that the petitioner is the holder and owner of 12,735 shares of the stock of the company, the certificates or evidence whereof, issued by the company, have been so delivered to the defendants, with a blank power of attorney, for a transfer thereof, signed on the back thereof, with the names of the said Heath and Raphael stamped thereon; that the only evidence the petitioner has of his ownership of such certificates is a quantity of such receipts in said form, the number of each receipt and the quantity of shares represented by it being set forth, the receipts being 124 in number; that 60,000 shares or over of the stock of the company, with said blank powers of attorney endorsed thereon, and with the names of Heath and Raphael stamped thereon, have been presented at the office of the company, with the request that the same be transferred to the names of the said Heath and Raphael, and the company, under the orders of this court herein, has, to a great extent, caused such shares to be put in condition to be transferred to the names of said Heath and Raphael, and is diligently engaged in completing such transfer; that the certificates representing the shares of the stock of the company owned by the petitioner, and represented by such receipts now held by him, are a part of and among such certificates so delivered to Heath and Raphael, with such blank powers of attorney endorsed thereon, and which have been

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

stamped with the stamp of Heath and Raphael in the blank power of attorney, and are either a part of such 60,000 shares or of the residue not embraced therein; that the petitioner has no means of identifying such certificates, his only evidence of ownership thereof being the receipts he holds for the same, in the form before mentioned; that the petitioner is unwilling that the stock owned by him, or the certificates representing the same, should be held by or in the names of said Heath and Raphael, or any of their nominees; that said Heath and Raphael acquired no title to or interest in said stock, by virtue of said receipts, or any right to hold the same; and that no trust was created for any purpose by which said stock can be held by said Heath and Raphael as against the owners thereof, nor were such receipts intended by such owners to create in said Heath and Raphael any right, title, or interest therein, either in trust or otherwise.

The prayer of the petition is, that this court will cause proof to be taken of the title of the petitioner to the said shares of stock and certificates, and that the same, to the extent of the receipts held by him, may be delivered to him, and that, in the meantime, the delivery of such shares and certificates to said Heath and Raphael, or any other person, to the extent above claimed by the petitioner, may be suspended, until the title of the petitioner thereto shall be adjudged by this court.

In answer to this petition, it is shown, by affidavit, that the receipts referred to in the petition are not specially for parts of the 60,056 shares of stock involved in this suit, but are for portions of a much larger quantity of stock delivered over to said Heath and Raphael for registration in their names, the 60,056 shares forming part of the entire larger quantity; that the transfer to said Heath and Raphael, or registration in their names, of the said stock other than said 60,056 shares, has been hitherto prevented by the refusal of the company to permit such transfers; that, at present, any attempt of said Heath and Raphael to effect such transfer is practically enjoined by an order of receivership granted by the supreme court of New York, by the terms of which any such stock, upon being presented for transfer or registration, is to be forthwith taken into the possession of a receiver; that, by the terms of the arrangement by which the stock was delivered by its owners to Heath and Raphael, for registration, and such receipts were issued therefor, the delivery of the new stock certificates to the owners, after the making of such transfer and registration in the names of Heath and Raphael, was to be made not in this country, but in London; that information has been received from the person who signed the receipts, that there is reason to believe that spurious and forged documents, purporting to be such receipts for shares delivered for registration, have been put in circulation, and are outstanding; that, if this court should undertake to entertain jurisdiction in respect of the obligations of Heath and Raphael under such receipts, and to compel delivery of the stock called for by the receipts to be made in this country to the holders of the receipts, instead of requiring it to be done in London, according to the arrangement under which the stock was received for registration, there is not believed to be any safe basis here upon which the agents or attorneys of Heath and Raphael can know or decide as to whether receipts which may be presented here are genuine or not, nor as to the genuineness or validity of the title, by endorsement or otherwise, under which the parties now holding such receipts may claim to have become assignees of the rights of the persons to whom the receipts were originally given; that the said stock, other than the 60,056 shares, the transfer of which to the names of Heath and Raphael has been and is thus prevented, is very large in amount, embracing many thousands of shares, a large amount of such stock having been sent back to England after the seizure of the 60,056 shares; and that the practical negotiability of the stock certificates therefor has been destroyed, because of the fact, that, when such stock was sent to the United States for transfer and registration, the names of Heath and Raphael were inserted as transferees, in the powers of attorney endorsed on the certificates, so that delivery of such stock can no longer be made to a purchaser by giving to him the certificate with a blank power of attorney for transfer.

In July last, when this suit was before me in one of its phases, the question was discussed as to the propriety of allowing the real owner of the stock represented by Heath and Raphael to claim it at the hands of this court while it is in the custody of this court. I then remarked [Case No. 4,-514]: "When such stock shall have been placed in proper condition for its restoration to Heath and Raphael, if, then, any person claiming any of the stock through evidence of title issued by Heath and Raphael, shall apply to this court to have his rights in the premises awarded to him out of the res in court, the application will be considered and disposed of."

It is quite apparent, that the claim of the petitioner to have delivered to him certificates of stock to the extent of 12,735 shares out of the entire 60,056 shares, but no particular 12,735 shares, cannot be allowed. By the transaction of putting the certificates for the shares into the hands of Heath and Raphael, the owners thereof merely appointed Heath and Raphael their agents to have such stock transferred to and registered in the names of such agents. Such agency was not a power coupled with an interest, but was a power revocable at the will of

its grantor. The petitioner, claiming to stand in the place of original grantors of such powers, (for he does not allege that he was an original depositor of certificates,) claims to revoke such powers. But he can revoke them only in respect to the identical certificates which such original grantors put into the hands of Heath and Raphael, or in respect to certificates representing, in direct replacement and succession, such original certificates, and not in respect to certificates which were not put into the hands of Heath and Raphael by grantors of powers to whom receipts were issued which the petitioner claims to own. He explicitly states, in his petition, that the certificates represented by the receipts which he owns are either a part of the 60,056 shares, or are a part of the remainder not included in the 60,056 shares, and that he has no means of identifying such certificates. It is true, that the petition states, that such receipts do not represent, and were not intended to represent, any particular certificates of stock, and do not designate any of such certificates to which the holders thereof are entitled, but entitle the holders to demand and receive any portion of the certificates of stock held by Heath and Raphael, without discrimination. The receipts do not specify or identify, by numbers or otherwise, the particular certificates received, and do not, on their faces, represent any particular certificates, or designate the certificates received as being the certificates to which the holders of the receipts are entitled. But it by no means follows that the receipts do not in fact represent any particular certificates, or that they entitle the holders thereof to demand and receive any portion of the certificates held by Heath and Raphael, without discrimination. Each receipt bears a number. It is to be supposed that, by such numbers, or otherwise, the particular certificates which each grantor of a power placed in the hands of Heath and Raphael can be identified. Whether this be so or not, any person who can identify the certificates he deposited, is entitled to call upon Heath and Raphael to respond in respect of such particular certificates, and to claim that no one else shall call upon them to respond in respect of the same certificates. This view becomes important in connection with the fact that Heath and Raphael hold, under like powers, certificates for a very large number of shares besides the 60.056 shares. Such other shares have not yet been transferred to, or registered in, the names of Heath and Raphael. This has happened, as appears, through no fault of Heath and Raphael. There is no justice in allowing the petitioner to claim and receive the 12,735 shares in preference to other depositors who are not parties in court. For aught that appears, it may very well be, that such other depositors deposited all the certificates representing the particular 60,056

shares now in the hands of this court. The petitioner does not assert that any person under whom he claims title to the receipts, deposited any of such certificates, nor does he assert that such certificates were not, all of them, deposited by persons to whom the receipts which he claims to own were not issued.

This court can, out of the 60,056 shares which are in its custody, deliver certificates for shares to no other person than Heath and Raphael, on a petition of this character, in this suit, unless such person shows himself affirmatively to be the depositor, or the assignee of the depositor, of particular certificates which have been replaced by, and are directly represented by, particular certificates forming part of such 60,056 shares.

I do not dwell upon any of the other views taken in the affidavit presented in opposition to the petition, or urged on the hearing, or express any opinion in regard to them, as the grounds on which I have above put my decision are sufficient to dispose of the present application.

In connection with the suggestion as to spurious receipts, I observe, in the list of the receipts furnished by the petitioner, as owned by him, there are, of receipts numbered 15, 18, 59, 191, 329, 438, 460, 812 and 906, two each; of receipts numbered 381, 428 and 475, three each; and of receipt numbered 349, four. These thirty-one receipts cover 3,700 shares. In the cases of numbers 15, 329, 460 and 812, the same number of shares is represented by each of the two receipts of the same number. In the cases of numbers 18, 59, 191, 438 and 906, a different number of shares is represented by each of the two receipts of the same number. In the cases of numbers 428 and 475, the same number of shares is represented by each of two of the three receipts of the same number, and a different number of shares is represented by the remaining one of the three. In the case of number 381, a different number of shares is represented by each of the three receipts of the same number. In the case of number 349, the same number of shares is represented by each of two of the four receipts of the same number, and a different number of shares is represented by each of the other two of such four receipts, each of such latter two representing, also, a different number of shares from the other one of such latter two. I allude to these circumstances only for the purpose of saying, that the field of inquiry which they indicate as a necessary one, is one which ought not to be entered upon by a tribunal which has before it only a portion of the entire number of shares covered by the transactions with Heath and Raphael, and only a controversy respecting a portion of such entire number, and which has no jurisdiction in this suit to affect the rights of those who are not before it.

The prayer of the petition is denied, and

the order for the suspension of the delivery to Heath and Raphael of the 12,735 shares is vacated.